UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HIBBETT SPORTING GOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01543JAR |
| ) | |
| HAUCK HOLDINGS HANNIBAL, MO II, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Hauck Holdings Hannibal, MO II, LLC's Motion for Judgment on the Pleadings (ECF No. 17). This matter is fully briefed and ready for disposition.

**BACKGROUND**

On November 6, 2007, Plaintiff Hibbett Sporting Goods, Inc. ("Hibbett") entered into a Lease Agreement ("Lease") with Hauck Holdings Hannibal, MO II, LLC ("Hauck"). (Complaint ("Compl."), ECF No. 1, ¶9; Exhibit A thereto). The Lease provides that Hauck, as landlord, will lease specific property in the Huck Finn Shopping Center ("Huck Finn"), to Hibbett, as tenant, who sells sporting goods equipment. (Id., ¶¶9-10, 13). The Lease contains an "Exclusive" provision that states:

> Landlord shall not permit any other tenant or other user in the center (or in any other premises owned in whole or in part, or controlled, directly or indirectly by Landlord or any person or entity which is an affiliate of Landlord outside the confines of the center within a ½ mile radius thereof) or the entire Huck Finn Shopping Center to conduct exclusive use (defined below) either as its principal use or within an area exceeding the lesser of 1,000 square feet or more than 20% of such other tenant's respective premises.  For purposes hereof, Exclusive Use shall be defined as the retail sale of sporting goods, athletic apparel, athletic shoes or sports fan license

> products. In the event of a violation the preceding covenant Tenant shall upon thirty (30) days written notice to Landlord, be entitled to pay 3% of gross sales in lieu of Minimum Rent and Percentage Rent and all other charges hereunder until the violation is removed. If the violation is not removed, Tenant may, at its option: (1) terminate said Lease by written notice to Landlord or (2) continue to pay 3% gross sales in lieu of Minimum Rent and Percentage Rent, and all other charges hereunder until the violation is removed. ...

(Id., ¶14). Section 15.02(2) of the Lease provides that Hibbett can pursue "all other rights and remedies provided by law", in the event of a breach by Hauck. (Id., ¶15).

On July 22, 2011, Hauck put Hibbett on notice that it had entered into a commitment with Dunham's Sporting Goods ("Dunham's") to lease and operate a retail store at Huck Finn. (Id., ¶20; Exhibit B thereto). Dunham's, like Hibbett, sells sporting goods and is a direct competitor of Hibbett. (Id., ¶21).

On November 6, 2011, Hibbett filed a four-count Complaint alleging causes of action for Declaratory Judgment/Hauck is in violation of the Lease (Count I); Declaratory Judgment/Damages for Hibbett (Count II); Injunction (Count III); and Breach of Lease (Count IV).

**STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233, n.3 (8th 2010)(citing Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009)). "'Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" Minch Family LLLP v. Buffalo-Red River Watershed Dist., 628 F.3d 960, 965 (8th Cir. 2010)(quoting Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)). The Court views "facts as alleged in the non-movants' Complaint as true and make all reasonable inferences in their favor." Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245 (8th Cir. 2012). The facts pleaded by the non-moving party must be accepted as true and all reasonable inferences from the pleadings should be taken in favor of the non-moving party. Mills v. City of

Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010)(citing Faibisch, 304 F.3d at 803 ). The Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.  Mills, 614 F.3d at 498 (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

## **DISCUSSION**

In its Motion for Judgment on the Pleadings, Hauck argues that it is entitled to Judgment on the Pleadings because the "Exclusive" section of the Lease contains a liquidated damages provision, providing for a reduction in rent or termination of the Lease.  (Memorandum of Law in Support of Defendant Hauck Holdings Hannibal, MO II, LLC's Motion for Judgment on the Pleadings ("Memorandum"), ECF No. 18, pp. 4-5).  Namely, the Exclusive section in the Lease permits Hibbett to (a) pay 3 percent of the gross sales in lieu of minimum rent; or (b) terminate the lease. Hauck claims that the remedies in the Exclusive clause constitute Hibbett's exclusive remedies for Hauck's violation of the Lease.  (Id.).

As noted by Hauck, however, "the Lease does not expressly state that the liquidated damages provided for in the 'Exclusive' clause are to be Hibbett's exclusive remedy."  (Memorandum, p. 8). Rather, Hauck argues that the Lease has the "implication of exclusivity" based upon a reading of Sections 1.01 and 15.02(2) of the Lease.  (Id., pp. 8-9).  Hauck contends that, based upon the differences between the Exclusive clause in Section 1.01 and the Landlord Default clause in Section 15.02, the two provisions cannot be read in harmony.  Accordingly, the incompatibility of these two clauses demonstrates that the Exclusive clause provides the sole basis for relief for a breach of the thereof.  (Id., pp. 8-10).

In response, Hibbett argues that the express language of the Lease allows Hibbett to seek damages in the event of the default.  (Plaintiff Hibbett Sporting Goods, Inc.'s Opposition to Defendant Hauck Holdings Hannibal, MO II, LLC's Motion for Judgment on the Pleadings

- 3 -

("Response"), ECF No. 22, pp. 3-4). Specifically, Section 15.02 allows Hibbett to seek all "rights and remedies provided by law" in the event that Hauck "defaults in performance of any of its obligations" under the Lease. Hibbett argues that the Court must allow it to seek damages or else the Section 15.02 would be without meaning. See Atlas Reserve Temporaries v. Vanliner Ins. Co., 51 S.W.3d 83, 87 (Mo. Ct. App. 2001)("The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention."). Hibbett further asserts that the two provisions are not inconsistent. See Response, pp. 5-6. Rather, the Lease allows Hibbett to pursue multiple, parallel avenues for relief. That is, the Lease provides that, upon breach, Hibbett has the option of paying percentage rent upon only 30 days' notice of a default pursuant to the Exclusive clause, §1.01. In addition, after 45 days' notice of the default, Hibbett would have access to all other rights and remedies, as provided by law. See Lease, §15.02(2). The alleged inconsistency, therefore, allows Hibbett to pursue all legal rights and remedies while also paying the lowest possible rent in the event of a breach by Hauck.

In reply, Hauck asserts Hibbett's interpretation of the Lease is untenable because it fails to read the Lease as a whole. Hauck claims that Hibbett cannot pick and choose the most advantageous remedy, absent any provision allowing such cumulative remedies. (Reply Memorandum of Law in Support of Defendant Hauck Holdings Hannibal, MO II, LLC's Motion for Judgment on the Pleadings ("Reply"), ECF No. 27, p. 10). Moreover, had the parties sought to allow Hibbett to pursue other remedies in the event of a breach of the Exclusive section, the parties would have included a general reservation of rights, as provided in several other sections of the Lease. (Id., pp. 10-11). "Under Hibbett's interpretation of the Lease, when the remedies provided for in these sections are different than those set forth in §15.02(2), Hibbett can effectively combine the provisions and then pick and choose the most beneficial option." (Id., p. 11). Contrary to Hibbett's

explanation, Hauck suggests that "[w]hen specific remedies are provided in a provision, those remedies are applicable and exclusive." (Id., p. 12).

At this stage of the litigation, the Court finds that Hibbett is not limited to pursue only the relief outlined in §1.01 of the Lease. "[A] remedy specified in a contract is to be considered permissive rather than exclusive, unless so provided in the contract either expressly or by necessary implication." Damon Pursell Constr. Co. v. Mo. Highway & Transp. Comm'n, 192 S.W.3d 461, 479 (Mo. Ct. App. 2006)(citing Graves v. Estate of Grebe, 613 S.W.2d 148, 150 (Mo. Ct. App. 1981))[1]; State ex rel. Mo. Hwys. & Transp. Comm'n v. Muslet, 213 S.W.3d 96, 99 (Mo. Ct. App. 2006); DynaSteel Corp. v. Black & Veatch Corp., 698 F. Supp. 2d 1170, 1175 (W.D. Mo. 2010). The parties agree that there is no express basis in the Lease for limiting Hibbett's remedies as Hauck suggests. Upon review of the Lease, the Court also finds that the "necessary implication" of the Exclusive section, §1.01, and the Landlord's Default section, §15.02(2), does not preclude Hibbett from pursuing all remedies at law. See Damon Pursell Constr. Co., 192 S.W.3d at 480 (allowing the plaintiff to seek damages for breach of warranty ex contractu even though the contract contained a provision, in the form of a differing site conditions clause, for additional unforeseen costs); Muslet, 213 S.W.3d at 99 (holding that the language contained in Paragraph 12 of the agreement, which provided that the remedy in the event of condemnation to be "loss of business thereon and depreciation," did not expressly or by implication provide that the remedies listed were meant to be exclusionary, and could not serve as a waiver to a constitutional right to just compensation for the property); see also E.H. Schopler, Annotation Contractual Provision as to Remedy As Excluding Other Possible Remedies, 84 A.L.R.2d 322, 2a (2010) (while also noting that other courts have reached different results, stating that "courts, using varying language, have ruled that the granting

---

[1]Defendant cites Damon Pursell Constr. Co. v. Mo. Highway & Transp. Comm'n in support of its Motion for Judgment on the Pleadings. See Memorandum, p. 8.

of one remedy by express contract is not an exclusion of others which the law annexes to the contract, unless they are so inconsistent with each other as plainly to imply such exclusion"). Sections 1.01 and §15.02(2) are not so inconsistent that the Court must find that they are mutually exclusive remedy provisions.  Had the parties intended to draft a Lease that so limited Hibbett's remedies, it expressly could have done so.  Accordingly, the Court denies Hauck's Motion for Judgment on the Pleadings.[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hauck Holdings Hannibal, MO II, LLC's Motion for Judgment on the Pleadings (ECF No. 17) is **DENIED**.

Dated this 14th day of February, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] The parties also briefed the issue regarding whether §1.01 contains a valid liquidated damages provision.  Because this Court denies Defendant's Motion for Judgment on the Pleadings on another basis, the Court decides Hauck's Motion without ruling on the propriety of the liquidated damages provision.