UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HIBBETT SPORTING GOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01543JAR |
| ) | |
| HAUCK HOLDINGS HANNIBAL, MO II, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Hauck Holdings Hannibal, MO II, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 46) and Plaintiff's Motion to Reconsider (ECF No. 49). Upon review of the foregoing, the Court grants Plaintiff leave to file an amended complaint.

## **DISCUSSION**

On September 6, 2011, Plaintiff Hibbett Sporting Goods, Inc. ("Plaintiff" or "Hibbett") filed a complaint against Hauck Holdings Hannibal, MO II, LLC ("Hauck") alleging claims for Declaratory Judgment, Injunction and Breach of the Lease. (ECF No. 1). Plaintiff asserted that this Court had jurisdiction over its claims because there was complete diversity of citizenship between the parties. (Id., ¶7).

On March 2, 2012, Plaintiff Hibbett Sporting Goods, Inc. ("Hibbett") filed an Amended Complaint against Hauck, Hauck Holdings, Ltd., and Dunham's Athleisure Corporation ("Dunham's"). ("Amended Complaint"), ECF No. 37). Plaintiff again asserted that this Court had jurisdiction over its claims because there was complete diversity of citizenship between the parties.

(Id., ¶12). On March 14, 2012, Hauck filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction over the Amended Complaint. (ECF No. 46). That is, the Court no longer has diversity jurisdiction under 28 U.S.C. §1332 over the Amended Complaint because Plaintiff and Dunham's are both Delaware corporations. See Memorandum in Support of Defendant Hauck Holdings Hannibal, MO, II, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 47, p. 2.

On March 16, 2012, Plaintiff filed a Motion to Reconsider (ECF No. 49). Therein, Plaintiff asks the Court to reconsider its order allowing it to file the Amended Complaint and allege two additional claims against Defendant Hauck and add two additional Defendants, Hauck Holdings, Ltd. and Dunham's. Id. Plaintiff claims that it filed the Amended Complaint under the mistaken belief that complete diversity would remain between the parties following amendment. Id. Accordingly, Plaintiff requests that the Court reconsider its order granting Plaintiff's previously filed Motion to Amend and deny the Motion with respect to adding new parties, but to partially grant Plaintiff's previously filed Motion to Amend, allowing Plaintiff to assert its claim for Breach of the Duty of Good Faith and Fair Dealing against Hauck. Id., pp. 1-2.

Hauck opposes Plaintiff's Motion for Reconsideration because it claims Dunham's is an indispensable party under Fed.R.Civ.P. 19(b). (Memorandum in Opposition to Plaintiff Hibbett Sporting Goods' Motion for Reconsideration ("Opposition"), ECF No. 52, pp. 4-5). Hauck argues that any judgment in this action would prejudice Dunham's because Plaintiff asks the Court to order Hauck to cease its contractual relationship with Dunham's and prohibit Hauck from entering into a lease with Dunham's. (Id., p. 4).

In reply, Plaintiff claims that Hauck's assertion that Dunham's is an indispensable party is disingenuous and "gamesmanship" because Hauck never previously attempted to add Dunham's as an indispensable party or raise the issue in its Answer and Affirmative Defenses. (Plaintiff's Reply

Memorandum in Support of its Motion to Reconsider ("Reply"), ECF No. 54, p. 1). Moreover, Plaintiff asserts that Dunham's is not an indispensable party because the Court can determine all of Plaintiff's and Haucks' respective rights and obligations under the lease, without Dunham's being a party to this action. See Reply, p. 54 (citing Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc., 564 F.2d 816, 819 (8th Cir. 1977)).

The Court finds the Dunham's is not an indispensable party to the present litigation. While the determination of this case may affect Dunham's and its ability to remain in business in the Huck Finn Shopping Center, Dunham's is not necessary for resolution of the issues raised in Plaintiff's proposed amended complaint. See ECF No. 50-1. None of the rights or obligations of Dunham's will be adjudicated as a result of the present proceedings. Helzberg's Diamond Shops, Inc., 564 F.2d at 819. Rather, Plaintiff merely asks the Court to outline the contours of the lease between Plaintiff and Hauck and the rights and obligations thereunder.

Hauck also argues that this Court should deny Plaintiff's Motion for Reconsideration to avoid multiple or piecemeal litigation. (Opposition, pp. 6-7). Hauck claims that it is likely that Plaintiff will sue Dunham's and Hauck Holdings in state court because Plaintiff has already sued them in this action. (Id., p. 7).

The Court does not find this to be a compelling reason to preclude Plaintiff from filing an amended complaint. Hauck has not identified any pending parallel state court litigation. Thus, it is mere speculation that there will be piecemeal litigation if the Court allows Plaintiff to proceed in federal court. The Court will exercise jurisdiction over Plaintiff's claims absent compelling circumstances to justify dismissal. See Peak N.D., LLC v. Wilkinson, No. 4:08-cv-087, 2010 U.S. Dist. LEXIS 52241, at *17 (D.N.D. May 25, 2010)(citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)("The obligation federal courts have to exercise the jurisdiction given them is 'virtually unflagging.'")).

Therefore, the Court finds no basis for dismissing Plaintiff's claim for lack of subject matter jurisdiction. Instead, the Court will allow Plaintiff to file an amended complaint that removes the non-diverse defendant from this action.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is granted until **Monday, April 2, 2012** to file an amended complaint in accordance with the foregoing

**IT IS FURTHER ORDERED** that Defendant Hauck Holdings Hannibal, MO II, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 46) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that Hauck Holdings, Ltd. and Dunham's Athleisure are **DISMISSED** without prejudice.

Dated this 28th day of March, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE